Ryan A. Ballard, ISB No. 9017
BALLARD LAW, PLLC
P.O. Box 38
Rexburg, ID 83440
Telephone: (208) 259-5532
Email: ryanballardlaw@gmail.com

[Additional Counsel Appear on Signature Page]

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATT KAM on behalf of himself, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>TRUST FINANCIAL, LLC, a Wyoming limited liability company and WILKERSON & BREMER LAW GROUP, LLC, a Wyoming limited liability company,<br><br>Defendants. | CASE NO. 4:18-cv-421<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

Defendants are debt collectors operating in Idaho and elsewhere. It is settled law in Idaho spouses are not personally liable for the debts incurred by their husbands or wives. *Twin Falls Bank & Tr. Co. v. Holley*, 111 Idaho 349, 352, 723 P.2d 893, 896 (1986). Ignoring this clear law, where an alleged debtor is married, Defendant Trust Financial, LLC routinely demands payment jointly from both the alleged debtor and his or her non-debtor spouse. Even worse, Defendants routinely file collection lawsuits in Idaho courts naming both spouses as defendants. Naming a non-debtor spouse in a collection lawsuit needlessly increases the costs associated with such a

suit, may cause the non-debtor spouse to incur legal fees, and may negatively impact the non-debtor spouse's credit and other consumer reports.

Both Matt Kam and his wife have been sued for an alleged debt to a law firm that his wife hired to represent her. Mr. Kam's wife disputes owing any money. Matt Kam did not hire the law firm, was not represented by the law firm, and did not guarantee his wife's payment to the firm. Therefore, even if his wife did owe the debt, there neither was nor is any basis for Defendants to sue Mr. Kam along with his wife. Additionally, Trust Financial, LLC's first letter to Mr. Kam demanding payment on his wife's alleged debt included a notice of consumer rights which was confusing, inaccurate, contradictory, and failed to comply with federal law. Mr. Kam now brings this lawsuit, alleging multiple violations of the Fair Debt Collection Practices Act as the most effective way to force Defendants to comply with the law and to stop violating the rights of Idahoans.

## II. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the events or omissions giving rise to this action occurred in the District of Idaho, Plaintiff resides in the District of Idaho, and Defendants both transact business in the District of Idaho. 28 U.S.C. § 1391(b)(2).

## III. PARTIES

4. Plaintiff Matt Kam is a natural person who resides in Bannock County, Idaho, in Pocatello, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person

affected by a violation of the FDCPA, with standing to bring this claim under 15 U.S.C. § 1692k(a).

5. Defendant Trust Financial, LLC (Trust Financial) is a Wyoming limited liability company with its principal place of business at 101 Hastings Horseshoe, Powell, WY 82435. Trust Financial regularly transacts business within the State of Idaho and has an office in Idaho Falls, Idaho.

6. Trust Financial regularly collects and attempts to collect, directly or indirectly, debts alleged to be due another, and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

7. The principal purpose of Trust Financial is the collection or attempt to collect debts, directly or indirectly, owed or due or asserted to be owed or due to another.

8. Trust Financial uses instrumentalities of interstate commerce or the mails in its business.

9. Trust Financial operates a high-volume collection business and maintains searchable electronic collection data that includes, among other things, information identifying alleged debtors and their debts, communications with the alleged debtors, including form letters sent to alleged debtors, and money paid by alleged debtors.

10. Defendant Wilkerson & Bremer Law Group, LLC (Wilkerson) is a Wyoming limited liability company with its principal place of business at 210 N. Bent St., Powell, Wyoming 82435. Wilkerson regularly transacts business within the State of Idaho and has an office in Idaho Falls, Idaho.

11. Wilkerson regularly collects and attempts to collect, directly or indirectly, debts alleged to be due another, and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

COMPLAINT FOR VIOLATIONS OF FAIR
DEBT COLLECTION PRACTICES ACT - 3

12. The principal purpose of Wilkerson is the collection or attempt to collect debts, directly or indirectly, owed or due or asserted to be owed or due to another.

13. Wilkerson uses instrumentalities of interstate commerce or the mails in its business.

14. Wilkerson operates a high-volume collection business and maintains searchable electronic collection data that includes, among other things, information identifying alleged debtors and their debts, collection lawsuits filed, communications with the alleged debtors, including form letters sent to alleged debtors, and money paid by alleged debtors.

15. The alleged debt that Defendants attempted to collect from Plaintiff Matt Kam, and the alleged debts that Defendants collected or attempted to collect from members of the proposed Class, were incurred primarily for personal, family or household purposes, within the meaning of 15 U.S.C. § 1692a(5).

16. Plaintiff alleges on information and belief that each Defendant herein is acting in concert with, and is the agent and/or employee of, each other Defendant.

## IV. FACTUAL ALLEGATIONS

17. In early 2015 Matt Kam's wife, Jesica Kam, retained Parmenter Rivera, LLP, Attorneys at Law (Parmenter) to represent her in a personal legal matter. Matt Kam did not hire these attorneys, and did not guarantee payment, in writing or otherwise.

18. Towards the end of her representation by Parmenter Rivera, a dispute arose between Ms. Kam and her attorneys concerning an allegedly outstanding $500 invoice. On information and belief, Plaintiff alleges that the dispute was resolved and Ms. Kam did not owe Parmenter any money. Nevertheless, Parmenter sent the invoice to Trust Financial for collection.

19. Despite the fact that she did not owe money, beginning in 2017, Trust Financial

COMPLAINT FOR VIOLATIONS OF FAIR
DEBT COLLECTION PRACTICES ACT - 4

began contacting Ms. Kam to attempt to collect her alleged personal debt, the $500 Parmenter bill, plus interest. The collection effort included mailing Ms. Kam written collection demands.

20. When Jesica Kam first received a letter from Trust Financial, she called Parmenter to question why a bill she thought was taken care of had been sent to collections. David Parmenter acknowledged he had agreed to write off the bill. When Ms. Kam was contacted a second time by Trust Financial, she again spoke to Mr. Parmenter, who assured her that she would not have to pay the bill and that he would "take care of" the matter.

21. On or about October 3, 2017, Trust Financial sent a collection demand concerning the alleged Parmenter bill, addressed to both Jesica Kam and Matt Kam. This was the first time that Trust Financial had communicated with, or demanded payment from, Plaintiff Matt Kam. The October 3, 2017, letter contains the following notice:

> Your right under federal law to request verification of this debt within thirty (30) days after receipt of the first notice that was sent to you previously by our office is not affected by any requests made in this letter. Our collection efforts made during the thirty (30) day dispute period in no way affects your right under federal law to request verification of your debt. Your request for verification must be in writing.

22. In this initial communication to Mr. Kam, Trust Financial misrepresented that Mr. Kam had a "legitimate debt" to Parmenter in the amount of $500 principal and $160.11 interest, and that he should "remit the balance to our office without further delay." A copy of this October 3, 2017, letter is attached to this Complaint as Exhibit 1.

23. On August 10, 2018, as part of its continuing effort to collect the alleged Parmenter Rivera invoice, Trust Financial, through its attorneys Wilkerson & Bremer Law Group, LLC, filed a lawsuit, *Trust Financial, LLC vs. Jessica Kam and Matt N. Kam*, Bannock County Case No. CV-18-3007-OC. In the lawsuit, Trust Financial sought payment of $709.75,

plus interest, plus attorney's fees and costs. A copy of the complaint Defendants filed against the Kams is attached to this Complaint as Exhibit 2.

24. On August 29, 2018, Jesica Kam was served with the summons and complaint in the above-referenced case. Ms. Kam was also served on behalf of Plaintiff Matt Kam.

25. Upon information and belief, if Trust Financial is successful in obtaining a judgment against the Kams, it will ask the court to award service of process fees for serving both Matt and Jesica Kam, despite Defendants having no basis for suing Mr. Kam on the alleged debt.

26. On information and belief, Defendants routinely seek judgments that include service of process charges associated with serving both spouses named in lawsuits, even when Defendants sued a non-debtor spouse.

27. Plaintiff Matt Kam had to consult with an attorney in order to determine whether Defendants had any legal basis to sue him.

28. Defendants' practice of improperly suing non-debtor spouses may have collateral consequences for both Plaintiff and other consumers including negative impacts on their credit reports or in background checks that involve a search of public records.

29. Defendants' practice puts non-debtor spouses—such as Plaintiff—at risk of having judgments improperly entered against them by default.

## V. CLASS ALLEGATIONS

30. Class Definition. Pursuant to Federal Rule 23, Plaintiff Matt Kam brings this case as a class action on a "Class" defined as follows:

> **Umbrella Class**
>
> Every Idaho resident against whom Trust Financial, LLC through its counsel Wilkerson & Bremer Law Group, LLC, filed a lawsuit to collect an alleged debt incurred only by the person's spouse, at any time within the one year prior to the filing of this Complaint,

where the alleged debt was incurred for personal, family or household use.

**1692g Sub-Class**

All persons in the Umbrella Class to whom Trust Financial, LLC, sent a letter within the one year prior to the filing of this Complaint, where the letter was the initial communication to that person, and included a statement materially the same as the following:

Your right under federal law to request verification of this debt within thirty (30) days after receipt of the first notice that was sent to you previously by our office is not affected by any requests made in this letter. Our collection efforts made during the thirty (30) day dispute period in no way affects your right under federal law to request verification of your debt. Your request for verification must be in writing.

31. <u>Numerosity</u>. The exact number of persons similarly situated to Plaintiff Kam is currently unknown but is believed to be in the hundreds.

32. <u>Commonality</u>. There exist questions of law and fact common to Plaintiff and the proposed Class, including but not limited to:

    a. Whether in Idaho, Defendants have a standard practice of attempting to collect alleged debts from both spouses, where the alleged debt was incurred by only one spouse;

    b. Whether in Idaho, Defendants have a standard practice of naming both spouses in collection lawsuits where the alleged debt was incurred by only one spouse;

    c. Whether Defendants are permitted under Idaho law to attempt to collect from, or sue, both spouses, where the debt was incurred by only one spouse;

    d. Whether Defendants violated the Fair Debt Collection Practices Act by, in Idaho, attempting to collect from, or suing, non-debtor spouses;

    e. Whether Defendant Trust Financial has a standard practice of sending initial communications to alleged debtor that included a verification notice materially the same

as the one sent to Plaintiff Matt Kam;

   f. Whether Defendant Trust Financial violated the FDCPA by failing to include a verification notice that complies with 15 U.S.C. § 1692g in its initial communication to Plaintiff Matt Kam and all others similarly situated.

   g. The nature and extent of Class-wide injury and the measure of compensation for such injury.

  33. <u>Typicality.</u> The claims of Plaintiff Kam are typical of the Umbrella Class and each sub-class. Defendants have a practice of naming non-debtor spouses in collection lawsuits, just as they named Plaintiff Matt Kam. Trust Financial has a practice of adding non-debtor spouses to its collection accounts, and then sending the non-debtor spouse an initial communication that includes an inadequate and confusing verification notice materially the same as the one sent to Plaintiff Matt Kam. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Trust Financial and Wilkerson and are based on the same legal and remedial theories.

  34. <u>Adequacy of Representation</u>. Plaintiff Kam is an appropriate representative party for the Class and will fairly and adequately protect the interests of the class. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has no interest that directly conflict with interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Plaintiff Kam and his counsel are committed to prosecuting this action vigorously on behalf of the Class and has the financial resources to do so.

35.     <u>Predominance</u>. The common issues arising from Defendants' conduct predominate over any individual issues. The common issues include whether Defendants are violating Idaho and federal law by suing non-debtor spouses, and whether a form letter sent to hundreds of class members complies with the Fair Debt Collection Practices Act. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

36.     <u>Superiority</u>. Plaintiff and Class members have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The Class members are readily identifiable from Defendants' records, and there will be no significant difficulty in the management of this case as a class action.

## VI. CAUSES OF ACTION

**FIRST CLAIM**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692e, 1692e(2) and 1692f(1)**
**(All Defendants)**

37.     Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

38.     Under Idaho law, a spouse who did not incur a debt is not personally liable for claims made against a spouse who did incur the debt. *Twin Falls Bank & Tr. Co. v. Holley*, 111 Idaho 349, 352, 723 P.2d 893, 896 (1986).

39. 15 U.S.C. § 1692e states that: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt."

41. 15 U.S.C. § 1692f(1) prohibits a debt collector from collecting, or attempting to collect, "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

42. As alleged above, Defendants have a standard practice of attempting to collect from, and suing, non-debtor spouses on debts the non-debtor spouse does not owe.

43. When Defendants sue Plaintiff Matt Kam, or any other non-debtor spouse in Idaho, they falsely represent that Kam, or any other non-debtor spouse, owes the debt. Defendants misrepresent the character and legal status of the debt, and they collect, or attempt to collect, money that is not expressly authorized by any agreement, or permitted by law, all in violation of the FDCPA.

44. This has caused concrete harm to Plaintiff Matt Kam and other class members by exposing them to adverse state court judgments, requiring them to pay legal fees to avoid entry of improper judgments against them, and if they do not defend themselves in court they have judgments entered against them which are inflated by unwarranted service of process fees.

45. As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 and the Class is entitled to statutory damages of up to $500,000, or 1% of Defendants' net worth, whichever is less, pursuant to 15 U.S.C. § 1692k(a)(2)(B). Plaintiff and the Class are also entitled to actual damages pursuant to 15 U.S.C.

§ 1692k(a)(1); and to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CLAIM
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)
## (Trust Financial, LLC)

46. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

47. Pursuant to the FDCPA, 15 U.S.C. § 1692g(a), in its initial communication to a consumer, or within five days of its initial communication, a debt collector must provide the consumer a notice that effectively conveys the following information:

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

48. In its initial October 3, 2017 communications to Plaintiff Kam and to the 1692g Subclass, Defendant Trust Financial failed to include the verification notice required by the FDCPA. Instead, it included a notice that is confusing, and either unintelligible, or likely to communicate to the least sophisticated debtor that he or she can no longer exercise the right to

dispute or request verification of an alleged debt. Therefore, letters in this form sent as the initial communication, violate 15 U.S.C. § 1692g(a).

49. The FDCPA confers upon consumers like Plaintiff Kam and class members the right to accurate information and disclosures, and the failure to accurately convey this information is a legally cognizable injury. *Byrne v. Or. One, Inc.*, 2017 U.S. Dist. LEXIS 132538, at *16 (D. Or. July 18, 2017), *Dickens v. GC Servs. Ltd. P'ship*, 2016 U.S. Dist. LEXIS 94621 (M.D. Fla. July 20, 2016). Defendant Trust Financial materially violated the rights of Plaintiff Kam and the class by failing to include in its initial communication to class member a notice meeting the requirements of 15 U.S.C. § 1692g(a).

50. As a result of Defendant Trust Financials' violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 and the class is entitled to statutory damages of up to $500,000, or 1% of Defendants' net worth, whichever is less, pursuant to 15 U.S.C. § 1692k(a)(2)(B). Plaintiff and the class are also entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

A. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff and the Class;

B. for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B)(i) against the Defendants and for Plaintiff;

C. for an award of statutory damages to the Class pursuant to 15 U.S.C. §1692k(a)(2)(B)(ii) against each Defendant;

D.  for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

E.  for such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of October, 2018.

BALLARD LAW, PLLC

By: /s/ Ryan Ballard, ISB No. 9017
Ryan A. Ballard, ISB No. 9017
Email: ryanballardlaw@gmail.com
P.O. Box 38
Rexberg, Idaho 83440
Telephone: (208) 259-5532

Beth E. Terrell, *pro hac vice forthcoming*
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, *pro hac vice forthcoming*
Email: bchandler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Paul Arons, *pro hac vice forthcoming*
Email: lopa@rockisland.com
LAW OFFICE OF PAUL ARONS
685 Spring Street, Suite 104
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498

*Attorneys for Plaintiff*